UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

DWAYNE REGINALD PATTERSON

CRIMINAL ACTION

NO. 12-126-JJB-SCR

**RULING**

This matter is before the Court on the defendant's Motion (rec. doc. 143) for New Trial. The United States of America ("Government") opposes the motion. Rec. doc. 148. Oral argument is not necessary. For the reasons provided herein, the Court **DENIES** the defendant's Motion (rec. doc. 143) for New Trial.

A grand jury indicted the defendant Dwayne Reginald Patterson on the following counts: [1] one count of knowingly and intentionally possessing and attempting to possess, with the intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; and [2] one count of conspiracy to knowingly and intentionally possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Rec. doc. 90. The Court held the trial on this matter in March 2014, and after a three-day criminal trial, on March 26, 2014, the jury rendered a verdict of guilty on both counts. Rec. docs. 135–37.

The defendant subsequently filed his motion for new trial, in which he argued that the jury could not find him guilty on the first count of possessing five kilograms of cocaine, because there was insufficient evidence to find possession and insufficient evidence regarding the amount of cocaine possessed (i.e., five kilograms or more). Rec. doc. 143-1, p. 3, 8. Furthermore, the defendant avers that there was legally insufficient evidence to find that he conspired to possess five kilograms or more of cocaine. Rec. doc. 143-1, p. 8.

1

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a court may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). When considering a Rule 33 motion, the court "may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial." *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997). However, a court may not "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005) (quotations and citation omitted). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Robertson*, 110 F.3d at 118. Rule 33 motions are infrequently granted, "unless warranted by exceptional circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (quotations and citation omitted). The movant bears the burden of showing that a new trial is warranted. *United States v. Soto-Silva*, 129 F.3d 340, 343 (5th Cir. 1997).

At the trial in this matter, the Court heard these exact arguments when the defendant made his Rule 29 Motion for Judgment of Acquittal. *See* rec. doc. 137. At that time, the defendant argued that the Government presented insufficient evidence to convict him of either count. Nevertheless, the Court found the arguments unpersuasive at that time, and thus, denied the motion. *See id.* Similarly, the Court finds the argument unavailing as to the defendant's present motion for new trial. The Courts finds that the Government presented sufficient evidence for a jury to convict the defendant of the relevant crimes. There are certainly no "exceptional circumstances" warranting a new trial in this matter. *Tarango*, 396 F.3d at 672.

Accordingly, the Court **DENIES** the defendant's Motion (rec. doc. 143) for New Trial.

Signed in Baton Rouge, Louisiana, on July 1, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**